# EXHIBIT A

Vernon's Texas Statutes and Codes Annotated
  Civil Statutes (Refs & Annos)
    Title 19. Blue Sky Law--Securities (Refs & Annos)

Vernon's Ann.Texas Civ.St. Art. 581-33

Art. 581-33. Civil Liability with Respect to Issuance or Sale of a Security

Effective: September 1, 2001

Currentness

A. Liability of Sellers. (1) Registration and Related Violations. A person who offers or sells a security in violation of Section 7, 9 (or a requirement of the Commissioner thereunder), 12, 23C, or an order under 23A or 23-2 of this Act is liable to the person buying the security from him, who may sue either at law or in equity for rescission or for damages if the buyer no longer owns the security.

(2) Untruth or Omission. A person who offers or sells a security (whether or not the security or transaction is exempt under Section 5 or 6 of this Act) by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, is liable to the person buying the security from him, who may sue either at law or in equity for rescission, or for damages if the buyer no longer owns the security. However, a person is not liable if he sustains the burden of proof that either (a) the buyer knew of the untruth or omission or (b) he (the offeror or seller) did not know, and in the exercise of reasonable care could not have known, of the untruth or omission. The issuer of the security (other than a government issuer identified in Section 5M) is not entitled to the defense in clause (b) with respect to an untruth or omission (i) in a prospectus required in connection with a registration statement under Section 7A, 7B, or 7C, or (ii) in a writing prepared and delivered by the issuer in the sale of a security.

B. Liability of Buyers. A person who offers to buy or buys a security (whether or not the security or transaction is exempt under Section 5 or 6 of this Act) by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, is liable to the person selling the security to him, who may sue either at law or in equity for rescission or for damages if the buyer no longer owns the security. However, a person is not liable if he sustains the burden of proof that either (a) the seller knew of the untruth or omission, or (b) he (the offeror or buyer) did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

C. Liability of Nonselling Issuers Which Register.

(1) This Section 33C applies only to an issuer which registers under Section 7A, 7B, or 7C of this Act, or under Section 6 of the U.S. Securities Act of 1933,[1] its outstanding securities for offer and sale by or for the owner of the securities.

(2) If the prospectus required in connection with the registration contains, as of its effective date, an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the issuer is liable to a person buying the registered security, who may sue either at law or in equity for rescission or for damages if the buyer no longer owns the securities. However, an issuer is not liable if it sustains the burden of proof that the buyer knew of the untruth or omission.

D. Rescission and Damages. For this Section 33:

(1) On rescission, a buyer shall recover (a) the consideration he paid for the security plus interest thereon at the legal rate from the date of payment by him, less (b) the amount of any income he received on the security, upon tender of the security (or a security of the same class and series).

(2) On rescission, a seller shall recover the security (or a security of the same class and series) upon tender of (a) the consideration he received for the security plus interest thereon at the legal rate from the date of receipt by him, less (b) the amount of any income the buyer received on the security.

(3) In damages, a buyer shall recover (a) the consideration the buyer paid for the security plus interest thereon at the legal rate from the date of payment by the buyer, less (b) the greater of:

(i) the value of the security at the time the buyer disposed of it plus the amount of any income the buyer received on the security; or

(ii) the actual consideration received for the security at the time the buyer disposed of it plus the amount of any income the buyer received on the security.

(4) In damages, a seller shall recover (a) the value of the security at the time of sale plus the amount of any income the buyer received on the security, less (b) the consideration paid the seller for the security plus interest thereon at the legal rate from the date of payment to the seller.

(5) For a buyer suing under Section 33C, the consideration he paid shall be deemed the lesser of (a) the price he paid and (b) the price at which the security was offered to the public.

(6) On rescission or as a part of damages, a buyer or a seller shall also recover costs.

(7) On rescission or as a part of damages, a buyer or a seller may also recover reasonable attorney's fees if the court finds that the recovery would be equitable in the circumstances.

E. Time of Tender. Any tender specified in Section 33D may be made at any time before entry of judgment.

F. Liability of Control Persons and Aiders.

(1) A person who directly or indirectly controls a seller, buyer, or issuer of a security is liable under Section 33A, 33B, or 33C jointly and severally with the seller, buyer, or issuer, and to the same extent as if he were the seller, buyer, or issuer, unless the controlling person sustains the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

(2) A person who directly or indirectly with intent to deceive or defraud or with reckless disregard for the truth or the law materially aids a seller, buyer, or issuer of a security is liable under Section 33A, 33B, or 33C jointly and severally with the seller, buyer, or issuer, and to the same extent as if he were the seller, buyer, or issuer.

(3) There is contribution as in cases of contract among the several persons so liable.

G. Survivability of Actions. Every cause of action under this Act survives the death of any person who might have been a plaintiff or defendant.

H. Statute of Limitations.

(1) No person may sue under Section 33A(1) or 33F so far as it relates to Section 33A(1):

(a) more than three years after the sale; or

(b) if he received a rescission offer (meeting the requirements of Section 33I) before suit unless he (i) rejected the offer in writing within 30 days of its receipt and (ii) expressly reserved in the rejection his right to sue; or

(c) more than one year after he so rejected a rescission offer meeting the requirements of Section 33I.

(2) No person may sue under Section 33A(2), 33C, or 33F so far as it relates to 33A(2) or 33C:

(a) more than three years after discovery of the untruth or omission, or after discovery should have been made by the exercise of reasonable diligence; or

(b) more than five years after the sale; or

(c) if he received a rescission offer (meeting the requirements of Section 33I) before suit, unless he (i) rejected the offer in writing within 30 days of its receipt, and (ii) expressly reserved in the rejection his right to sue; or

(d) more than one year after he so rejected a rescission offer meeting the requirements of Section 33I.

(3) No person may sue under Section 33B or 33F so far as it relates to Section 33B:

(a) more than three years after discovery of the untruth or omission, or after discovery should have been made by the exercise of reasonable diligence; or

(b) more than five years after the purchase; or

(c) if he received a rescission offer (meeting the requirements of Section 33J) before suit unless he (i) rejected the offer in writing within 30 days of its receipt, and (ii) expressly reserved in the rejection his right to sue; or

(d) more than one year after he so rejected a rescission offer meeting the requirements of Section 33J.

I. Requirements of a Rescission Offer to Buyers. A rescission offer under Section 33H(1) or (2) shall meet the following requirements:

(1) The offer shall include financial and other information material to the offeree's decision whether to accept the offer, and shall not contain an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

(2) The offeror shall deposit funds in escrow in a state or national bank doing business in Texas (or in another bank approved

by the commissioner) or receive an unqualified commitment from such a bank to furnish funds sufficient to pay the amount offered.

(3) The amount of the offer to a buyer who still owns the security shall be the amount (excluding costs and attorney's fees) he would recover on rescission under Section 33D(1).

(4) The amount of the offer to a buyer who no longer owns the security shall be the amount (excluding costs and attorney's fees) he would recover in damages under Section 33D(3).

(5) The offer shall state:

(a) the amount of the offer, as determined pursuant to Paragraph (3) or (4) above, which shall be given (i) so far as practicable in terms of a specified number of dollars and a specified rate of interest for a period starting at a specified date, and (ii) so far as necessary, in terms of specified elements (such as the value of the security when it was disposed of by the offeree) known to the offeree but not to the offeror, which are subject to the furnishing of reasonable evidence by the offeree.

(b) the name and address of the bank where the amount of the offer will be paid.

(c) that the offeree will receive the amount of the offer within a specified number of days (not more than 30) after receipt by the bank, in form reasonably acceptable to the offeror, and in compliance with the instructions in the offer, of:

(i) the security, if the offeree still owns it, or evidence of the fact and date of disposition if he no longer owns it; and

(ii) evidence, if necessary, of elements referred to in Paragraph (a)(ii) above.

(d) conspicuously that the offeree may not sue on his purchase under Section 33 unless:

(i) he accepts the offer but does not receive the amount of the offer, in which case he may sue within the time allowed by Section 33H(1)(a) or 33H(2)(a) or (b), as applicable; or

(ii) he rejects the offer in writing within 30 days of its receipt and expressly reserves in the rejection his right to sue, in which case he may sue within one year after he so rejects.

(e) in reasonable detail, the nature of the violation of this Act that occurred or may have occurred.

(f) any other information the offeror wants to include.

J. Requirements of a Rescission Offer to Sellers. A rescission offer under Section 33H(3) shall meet the following requirements:

(1) The offer shall include financial and other information material to the offeree's decision whether to accept the offer, and shall not contain an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

(2) The offeror shall deposit the securities in escrow in a state or national bank doing business in Texas (or in another bank approved by the commissioner).

(3) The terms of the offer shall be the same (excluding costs and attorney's fees) as the seller would recover on rescission under Section 33D(2).

(4) The offer shall state:

(a) the terms of the offer, as determined pursuant to Paragraph (3) above, which shall be given (i) so far as practicable in terms of a specified number and kind of securities and a specified rate of interest for a period starting at a specified date, and (ii) so far as necessary, in terms of specified elements known to the offeree but not the offeror, which are subject to the furnishing of reasonable evidence by the offeree.

(b) the name and address of the bank where the terms of the offer will be carried out.

(c) that the offeree will receive the securities within a specified number of days (not more than 30) after receipt by the bank, in form reasonably acceptable to the offeror, and in compliance with the instructions in the offer, of:

(i) the amount required by the terms of the offer; and

(ii) evidence, if necessary, of elements referred to in Paragraph (a)(ii) above.

(d) conspicuously that the offeree may not sue on his sale under Section 33 unless:

(i) he accepts the offer but does not receive the securities, in which case he may sue within the time allowed by Section 33H(3)(a) or (b), as applicable; or

(ii) he rejects the offer in writing within 30 days of its receipt and expressly reserves in the rejection his right to sue, in which case he may sue within one year after he so rejects.

(e) in reasonable detail, the nature of the violation of this Act that occurred or may have occurred.

(f) any other information the offeror wants to include.

K. Unenforceability of Illegal Contracts. No person who has made or engaged in the performance of any contract in violation of any provision of this Act or any rule or order or requirement hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract.

L. Waivers Void. A condition, stipulation, or provision binding a buyer or seller of a security or a purchaser of services rendered by an investment adviser or investment adviser representative to waive compliance with a provision of this Act or a rule or order or requirement hereunder is void.

M. Saving of Existing Remedies. The rights and remedies provided by this Act are in addition to any other rights (including exemplary or punitive damages) or remedies that may exist at law or in equity.

N. Limitation of Liability in Small Business Issuances. (1) For purposes of this Section 33N, unless the context otherwise requires, "small business issuer" means an issuer of securities that, at the time of an offer to which this Section 33N applies:

(a) has annual gross revenues in an amount that does not exceed $25 million; and

(b) does not have a class of equity securities registered, or required to be registered, with the Securities and Exchange Commission under Section 12 of the Securities Exchange Act of 1934, as amended (15 U.S.C. Section 78*l*).

(2) This Section 33N applies only to:

(a) an offer of securities made by a small business issuer or by the seller of securities of a small business issuer that is in an aggregate amount that does not exceed $5 million; and

(b) a person who has been engaged to provide services relating to an offer of securities described by Section 33N(2)(a), including an attorney, an accountant, a consultant, or the firm of the attorney, accountant, or consultant.

(3) The maximum amount that may be recovered against a person to which this Section 33N applies in any action or series of actions under Section 33 relating to an offer of securities to which this Section 33N applies is an amount equal to three times the fee paid by the issuer or other seller to the person for the services related to the offer of securities, unless the trier of fact finds the person engaged in intentional wrongdoing in providing the services.

(4) A small business issuer making an offer of securities shall provide to the prospective buyer a written disclosure of the limitation of liability created by this Section 33N and shall receive a signed acknowledgement that the disclosure was provided.

**Credits**

Acts 1957, 55th Leg., p. 575, ch. 269, § 33; Amended by Acts 1963, 58th Leg., p. 473, ch. 170, § 12; Acts 1977, 65th Leg., p. 344, ch. 170, § 1, eff. Aug. 29, 1977; Acts 1979, 66th Leg., p. 361, ch. 160, § 8, eff. May 15, 1979; Acts 1997, 75th Leg., ch. 638, § 1, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 1091, § 3.14, eff. Sept. 1, 2001; Acts 2001, 77th Leg., ch. 1091, § 3.16, eff. Sept. 1, 2001; Acts 2001, 77th Leg., ch. 1091, § 3.17, eff. Sept. 1, 2001; Acts 2001, 77th Leg., ch. 1091, § 3.15, eff. Sept. 1, 2001.

**Editors' Notes**

### SAVED FROM REPEAL

<The Uniform Commercial Code, enacted by Acts 1965, 59th Leg., vol. 2, p. 1, ch. 721, provided that the Act did not repeal or diminish arts. 581-1 through 581-39, and further provided that if in any respect there was any inconsistency between those articles and the Commercial Code, the provisions of those articles should control. Acts 1965, 59th Leg., vol. 2, p. 1, ch. 721, was itself repealed by Acts 1967, 60th Leg., vol. 2, p. 2343, ch. 785, adopting the Business & Commerce Code effective September 1, 1967. However, the latter Act specifically provided that the repeal did not affect the prior operation of the 1965 Act or any prior action taken under it.>

### GENERAL NOTES

Notes of Decisions (335)

Footnotes

**Art. 581-33. Civil Liability with Respect to Issuance or Sale..., TX CIV ST Art. 581-33**

[1] 15 U.S.C.A. § 77f.

Vernon's Ann. Texas Civ. St. Art. 581-33, TX CIV ST Art. 581-33
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.