IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § | |
| Plaintiff | | |
| v. | | Cause No. 3:09-CV-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., ET AL., | | |
| Defendants. | | |

## OBJECTION AND RESPONSE TO REQUEST FOR SUPPLEMENTAL INFORMATION

COME NOW Receiver Ralph S. Janvey (the "Receiver"), the Receiver for the Receivership Estate in *Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.*, Civil Action No. 3:09-CV-0298-N; the Official Stanford Investors Committee ("OSIC"), Plaintiff in Civil Action No. 3:12-CV-01447-N, *Official Stanford Investors Committee v. BDO USA, LLP, et al.* (N.D. Tex.) (the "OSIC Lawsuit"); and Philip Wilkinson and Pam Reed, Plaintiffs (the "Investor Plaintiffs") in Civil Action No. 3:11-CV-01115-N, *Phillip Wilkinson, et al. v. BDO USA, LLP, et al.* (the "Investor Lawsuit") (together with the OSIC Lawsuit, the "BDO Lawsuits")(the Receiver, OSIC and Investor Plaintiffs are collectively referred to as the "Movants") and file this Response to Objectors' Request for Supplemental Information [Docket No. 2241] filed by Objectors Nancy Diaz, Christiane Trujillo and Joseph James Flynn (the "Diaz Objectors"), Objectors to the Movants' Motion to Approve Proposed Settlement Agreement with BDO USA, LLP ("BDO USA"), to Enter the Bar Order, to Enter the

Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees [Docket No. 2137] (the "Motion"). In support, Movants state as follows[1]:

1.  The Diaz Objectors have no right to the Supplemental Information they have requested. That information is privileged, confidential and protected from disclosure under applicable law.[2] At the hearing on the Motion, the Court specifically requested that the Movants provide the information, including the parties' confidential mediation position papers and a draft of the Movants' consulting expert report. The Court further specifically requested that Movants' counsel prepare and provide to the Court, under seal and ex parte, counsel's confidential analysis of the settlement value of the claims in the BDO Litigation. All of the information provided to the Court constitutes attorney work product of Movant's counsel and Movants' consultant. That work product is exempt from discovery. In addition, the draft expert report and mediation position papers are protected from discovery by the Texas statute governing the confidentiality of records and communications made in the context of an alternative dispute resolution procedure (mediation), as those materials were specifically prepared and delivered to the mediator and counsel for the BDO Entities in connection with the mediation before Layn Phillips in August 2014. *See T.C.P.R.C. § 154.073.* Rule 26(b)(4)(B), F.R.C.P, further protects from disclosure the draft of Movant's consulting expert report. The report is marked as a draft on its face, is not a final report, and was prepared at the direction of Movant's counsel specifically for use at mediation. For all these reasons, the Court should deny the Diaz Objectors' request for these materials.

---

[1] Capitalized terms not defined herein shall have the meaning defined in the Motion and in the Response to the Objections to Motion [Docket No. 2220].
[2] The BDO Entities are addressing the Request as it relates to information submitted by the BDO Entities' counsel to the Court under seal for in camera review, so this Objection and Response addresses only the materials submitted by Movants' counsel to the Court under seal for in camera review.

2.      The materials specifically requested by the Court were delivered to the Court on September 1, 2015 in a sealed envelope "Under Seal," and marked "For Judge Godbey's Eyes Only" and "For In Camera Review." The materials were also designated on their face as "Attorney Work Product." The Court ordered that these materials be submitted in camera, under seal, and ex parte (as to the draft expert report and the analysis of settlement value). The Court did so, first, because these materials constitute the work product of Movants' counsel. The Court also acknowledged the concern expressed by Movants' counsel at the hearing about making counsel's work product and internal case evaluation available via public filings. The materials were prepared and submitted under seal for in camera review by the Court alone.

3.      Additionally, the Court should deny the requests[3] of the Diaz Objectors because they have waived their right to participate further in this Court's consideration of the BDO settlement. Having filed an objection to the BDO Settlement [Docket No. 2202], the Diaz Objectors withdrew their request to appear at the Final Approval Hearing [Docket No. 2221] stating that "[a]fter reviewing Movants response filed on August 21, 2015 [Docket No. 2220], Objectors stand by their Objection and withdraw the undersigned's request to appear at Final Approval Hearing." Thus, the Diaz Objectors did not appear at the hearing after reviewing the responses to their Objections filed by Movants [Docket No. 2220] and BDO [Docket No. 2219]. The Diaz Objectors apparently concluded that the Responses to their Objections had addressed the issues raised in those Objections and withdrew their request to participate further in these proceedings.[4] The Court should not now permit them to reverse that decision.

---

[3]     The Diaz Objectors make two requests. First, they seek all of the information submitted under seal and in camera at the Court's request and for the Court's review. Second, they seek leave to file a "supplemental memorandum under seal" at some undefined point in the future. [Docket No. 2241]

[4]     Had the Diaz Objectors appeared at the Final Approval Hearing, their request for the Supplemental Information should still be denied. The Court requested information it required for its consideration of the BDO Settlement, and ordered that such information be submitted under seal, in camera, and ex parte (in part). With

4. For these reasons, the Diaz Objectors are not entitled to the materials that Movants' submitted to the Court under seal for the Court's in camera review. The Court will decide whether the settlement is fair and adequate after reviewing these materials, not the Diaz Objectors. The Court also indicated it would do so promptly after submission of the requested materials, and the Court should not permit the process to be delayed further as a result of the Diaz Objectors' Request. Moreover, the Court should not entertain any sort of supplemental filing by the Diaz Objectors after the Diaz Objectors did not appear at the hearing.

5. Movants submit that the Motion and supporting Declarations, together with the Response to the Objections, already publicly available to the Diaz Objectors, demonstrate that the settlement is fair and adequate and should be approved. The additional materials submitted by the Movants only serve to confirm that for the Court.

WHEREFORE, Movants request that the Court deny the Request for Supplemental Information in all respects.

Dated: September 2, 2015

                Respectfully Submitted,

                **NELIGAN FOLEY LLP**

                By: */s/ Douglas J. Buncher*
                Nicholas A. Foley
                nfoley@neliganlaw.com
                Douglas J. Buncher
                dbuncher@neliganlaw.com
                John D. Gaither
                325 N. St. Paul, Suite 3600
                Dallas, Texas  75201
                (214) 840-5320
                (214) 840-5301 (Facsimile)

---

respect to Movants' draft expert report and internal case evaluation, those materials are not even available to BDO – there is no reason they should be made available to the Diaz Objectors.

**CASTILLO SNYDER, P.C.**

By: */s/ Edward C. Snyder*
Edward C. Snyder
esnyder@casnlaw.com
Jesse R. Castillo
jcastillo@casnlaw.com
300 Convent Street, Suite 1020
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)


**BUTZEL LONG PC**

By: */s/ Peter D. Morgenstern*
Peter D. Morgenstern
*Admitted Pro Hac Vice*
morgenstern@butzel.com
380 Madison Avenue, 22nd Floor
New York, New York 10017
(212) 818-1110
(212) 818-0494 (Facsimile


**STRASBURGER & PRICE, LLP**

By: /s/ *Edward F. Valdespino*
Edward F. Valdespino
Texas Bar No. 20424700
edward.valdespino@strasburger.com
300 Convent Street, Suite 900
San Antonio, Texas 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

**ATTORNEYS FOR THE OSIC AND INVESTOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

On September 2, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

I further certify that on September 2, I served a true and correct copy of the foregoing document via United States Postal Certified Mail, Return Receipt required to the persons noticed below who are non-CM/ECF participants:

| | |
|---|---|
| R. Allen Stanford, Pro Se<br>Inmate #35017183<br>Coleman II USP<br>Post Office Box 1034<br>Coleman, FL 33521 | Certified Mail Return Receipt Req. |

*/s/ Douglas J. Buncher*